UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| JOHN R. McFALL, | ) | |
| --- | --- | --- |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 1:06CV76 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

Movant John R. McFall brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. McFall was sentenced to 144 months imprisonment following his plea of guilty to one count of manufacturing fifty grams or more of a substance containing a detectable amount of methamphetamine, a schedule II controlled substance. United States v. John R. McFall, 1:04CR146CDP. He was sentenced on May 9, 2006, and he did not appeal.

As his grounds for § 2255 relief, McFall alleges that he received ineffective assistance of counsel because counsel did not object to the government charging and sentencing McFall with a schedule II, as opposed to schedule III, controlled substance. McFall also alleges that counsel was ineffective because he did not object to the Court's sentencing McFall to the "aggravated form" of the offense

charged. McFall's motion indicates that this allegation concerns the application of the Career Offender enhancement in this case. McFall is not entitled to post-conviction relief on either of these grounds.

McFall also raises four other grounds for habeas relief that are not based on ineffective assistance of counsel or prosecutorial misconduct. These four other grounds are: (1) that he was denied due process in his sentencing because the government had not proven that a Schedule II controlled substance was involved, (2) that the Career Criminal provisions of the Guidelines constitute an aggravated form of the offense that must be charged in the indictment, (3) that the issue of drug quantity and type being decided by the Court as sentencing factors is unconstitutional, and (4) that the Court improperly sentenced McFall under the mandatory sentencing scheme that was rejected in <u>United States v. Booker</u>, 543 U.S. 220 (2005).

McFall waived his right to seek relief under § 2255 except for claims of ineffective assistance of counsel and prosecutorial misconduct. Therefore, I will not address McFall's four claims that do not allege ineffective assistance of counsel. The records in this case conclusively show that McFall is not entitled to post-conviction relief, and so I need not hold a hearing on McFall's § 2255 motion. As a result, I will deny McFall's motion to vacate, set aside, or correct his

sentence.

## Factual Background

The one count indictment charged McFall with knowingly and intentionally manufacturing 50 grams or more of a substance containing a detectable amount of methamphetamine. On February 23, 2005, McFall pled guilty to the indictment, after signing a plea agreement. The agreement provided that in exchange for McFall's plea, the government would not bring any further federal prosecution for any violations of federal controlled substance laws related to this event. Additionally, the government agreed not to file an information under 21 U.S.C. § 851; had the government filed the enhancement the mandatory minimum sentence would have risen from five years to ten years and the maximum sentence would have risen to life imprisonment from forty years.

The plea agreement also contained a provision acknowledging that by pleading guilty McFall was waiving the right to appeal all non-jurisdictional issues. He and the government specifically waived any right to appeal the sentence, unless the court departed from the recommended Sentencing Guidelines. McFall also waived any right to file a § 2255 motion, except one claiming ineffective assistance of counsel or prosecutorial misconduct.

The plea agreement contained specific, non-binding recommendations as to

the Sentencing Guidelines. The parties recommended that the base offense level was 34 under U.S.S.G. § 4B1.1, and that the quantity of a mixture or substance containing a detectable amount of methamphetamine for which McFall was responsible under § 1B1.3 was at least 50 grams but less than 200 grams of methamphetamine. The parties also recommended that McFall receive the three level deduction because he had accepted responsibility under §3E1.1. The parties estimated that the total offense level was 31.

McFall also agreed in the plea that he met the definition of a Career Offender, because he had two or more prior felony convictions of either a crime of violence or a controlled substance offense as defined by § 4B1.2, including a conviction in 1998 for delivery of a controlled substance in a county jail, a conviction for felonious restraint in 2000, and a 1991 conviction for possession with intent to distribute cocaine. McFall specifically admitted these convictions at the plea hearing.

In the stipulation of facts, McFall agreed that on June 7, 2004 agents of the Bootheel Drug Task Force received information from two separate confidential informants that McFall wanted to "cook" some methamphetamine. In his plea colloquy, McFall stated that he did not approach the confidential informants seeking to cook, but they approached him. Preliminary discussions between

McFall and the confidential informants were covertly recorded.  On June 9, 2004, McFall met with one of the informants and told the informant that he wanted to use that person's shop to manufacture methamphetamine.  The Task Force placed hidden video and audio equipment in the informant's shop building that evening.

The next day, McFall called the informant and asked for money to purchase lye to "cook."  The informant was provided with $40.00 and a micro cassette recorder.  McFall purchased six cans of "Red Devil" brand lye and returned the change to the informant along with the receipt.  Later, McFall and Johnny "Spike" Marcum began unloading various items used in the manufacture of methamphetamine.  At approximately 12:30 p.m., McFall and Marcum began manufacturing methamphetamine.  Officers observed McFall leave the building while stirring a pitcher of methamphetamine mixture.  He was arrested while still stirring the contents of the pitcher outside of the building.  After being advised of his Miranda rights, McFall stated, "You caught me, I was cooking dope."  He later signed a written statement admitting to the commission of the offense.  The mixture in the pitcher was seized and tested at the DEA lab in Chicago, Illinois.  It was found to be 112.3 grams of a mixture or substance containing d-Methamphetamine, d-Pseudoephedrine Base, and 1-Ephedrine.  McFall orally admitted all of these things at the guilty plea hearing.

Additionally, when asked if he was satisfied with his representation in this case, McFall replied, "Yes, ma'am," and when asked if there was anything he wanted his attorney to do that the attorney failed to do, McFall replied, "No, ma'am." The Court also specifically asked McFall if he understood that he was giving up his rights to file for habeas relief, and McFall stated that he did.

As contemplated by the plea agreement, the Presentence Report concluded that because McFall was a career offender, the base offense level was 34,[1] and that three levels should be deducted for acceptance of responsibility, yielding a total offense level of 31. As a career offender McFall was in criminal history Category VI, so his Sentencing Guidelines range was 188 to 235 months. At sentencing McFall indicated that he had reviewed the Presentence Report and had no objections to it. I sentenced McFall to 144 months imprisonment and four years of supervised release, which was a variance from the advisory guidelines range.

## Discussion

McFall raises six grounds for habeas relief in his motion. Four of his grounds are not based on ineffective assistance of counsel or prosecutorial misconduct: grounds two, four, five, and six. Because McFall waived his right to

---

[1] Had the government filed the enhancement under § 851, the maximum term of imprisonment would have been life, so the base offense level under § 4B1.1 would have been 37, instead of 34.

habeas relief in his plea agreement and because his waiver was voluntarily and intelligently made, I will dismiss those grounds without further discussion.

McFall claims his counsel was ineffective for two reasons: (1) his failure to object to McFall's being charged and sentenced with a schedule II substance instead of a schedule III substance and (2) his failure to object to the application of the Career Offender enhancements in this case. Both of these arguments fail.

The Sixth Amendment establishes the right of the criminally accused to have the assistance of counsel in his defense. The United States Supreme Court has further recognized that "the right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984). In order for a convicted defendant to prove that his counsel was ineffective, he must first show that counsel's performance was deficient. This showing of deficiency requires that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. The defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of an attorney's performance must be highly deferential, and the courts employ a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Second, in order to prove ineffective assistance of counsel, a defendant must show

prejudice as a result of counsel's ineffectiveness. A defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; Rogers v. United States, 1 F.3d 697, 700 (8th Cir. 1993). To show ineffective assistance of counsel in the context of a guilty plea, a movant must establish: (1) counsel's performance fell below the Strickland standard of reasonableness; and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial. Hill v. Lockhart, 474 U.S. 52, 57-59 (1985).

McFall has not shown that his counsel's representation fell below a reasonable level of professional assistance. With regard to McFall's argument that his counsel should have objected to McFall's being charged and sentenced to a Schedule II drug instead of a Schedule III drug, McFall is incorrect about the current scheduling of methamphetamine. McFall relies upon 21 U.S.C. § 812 which states that only methamphetamine in its liquid form is a Schedule II controlled substance. However, 21 U.S.C. § 811(a)(1) expressly authorizes the Attorney General to "transfer between such schedules any drug or other substance." More than thirty years ago the Attorney General rescheduled all forms of methamphetamine as Schedule II controlled substances. 21 C.F.R. §

1308.12(d). This reclassification has been held to be valid in the Eighth Circuit. United States v. Roark, 924 F.2d 1426, 1428-29 (8th Cir. 1991). Because all forms of methamphetamine are properly Schedule II controlled substances, McFall's counsel acted appropriately when he declined to object to McFall being charged and sentenced to a Schedule II controlled substance.

McFall's second argument is also incorrect as a matter of law and so his counsel cannot be said to have been ineffective for failing to object. McFall appears to be arguing that the Career Offender enhancement is an "aggravated form" of the offense that must be pleaded and proved by the government. The government does not have an obligation to plead the Career Offender enhancement. See United States v. Marcussen, 403 F.3d 982, 984 (8th Cir. 2005). At the plea hearing, McFall stipulated that the Career Offender provisions applied to him. Therefore, there can be no question that the Career Offender enhancements applied to McFall, and his counsel was not remiss in failing to object to their application.

I do not need to hold an evidentiary hearing on this matter. "An evidentiary hearing is not required in a section 2255 case where the files and records of the case conclusively show that the petitioner is not entitled to relief." Larson v. United States, 905 F.2d 218, 220 (8th Cir. 1990) (quoting United States v.

Schmitz, 887 F.2d 843, 844 (8th Cir. 1989)). Because McFall is not entitled to relief as a matter of law, I will not hold a hearing.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, set aside or correct sentence [#1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as movant has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accord with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2007.